IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUGO SOTELO DE AVILA, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:25-cv-3163-BN |
| § | |
| MONSERRAT ARRIAGA GUTIÉRREZ, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

After the parties consented, this lawsuit was ordered transferred to the undersigned United States magistrate judge to conduct all further proceedings under 28 U.S.C. § 636(c). *See* Dkt. Nos. 25 & 27.

Respondent Monserrat Arriaga Gutiérrez answered on January 16, 2026. *See* Dkt. No. 24. And, on February 9, 2026, Gutiérrez timely filed an amended answer as a matter of course. *See* Dkt. No. 32; FED. R. CIV. P. 15(a)(1)(A).

The same day, Gutiérrez moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 33 & 34.

Because Gutiérrez has answered the complaint (twice), she may not now move for dismissal of the complaint under Rule 12(b)(6), but the Court may construe her motion as brought under Federal Rule of Civil Procedure 12(c). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Such a motion remains "subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 709 (5th Cir. 2023) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

A motion under the Rule 12(b)(6) standards is "not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

In sum, Gutiérrez asserts that Petitioner Hugo Sotelo De Avila ("Sotelo") cannot state a plausible case for relief under the United Nations Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (the "Hague Convention") – under which he seeks the return of his minor daughter to Mexico – because, although Sotelo "filed an application under the Hague Convention while at the same time, participating in and seeking relief from the Mexican family court that was deciding the underlying custody dispute," "Respondent asserts that the Mexican family courts have not ordered Respondent (Mother) to return the child to Mexico and have in fact stated that the United States is the child's country of habitual residence." Dkt. No. 34 at 2.

According to Gutiérrez, this prevents Sotelo from carrying his burden as to the initial element of a Hague Convention claim, which is that the child has been wrongfully removed or retained from the child's habitual residence. *See id.* at 3-4.

And Gutiérrez argues that this case should be dismissed under the standards of Rule 12(b)(6) to extend comity to a custody order of another nation. *See id.* at 5-6.

Whatever the merits of these arguments may be, they are not a basis to grant relief under the Rule 12(b)(6) standards, which only require that plaintiffs "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by

stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

So, confronted with a motion like Gutiérrez's, the Court's "obligation [is] to accept [the] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [a defendant] is liable." *Sewell*, 974 F.3d at 581.

And, "just as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation." *Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024).

Put another way, where a complaint permits a reasonable inference that a defendant is liable, the defendant cannot then succeed under the Rule 12(b)(6) standards based on her best version of the parties' dispute.

The Court therefore DENIES the construed Rule 12(c) motion [Dkt. No. 33].

SO ORDERED.

DATE: February 10, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE